IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DANIELA RICKELL**
49 Edgewood Drive
Mechanicsburg, PA 17055               **JURY TRIAL DEMANDED**

    Plaintiff,

v.                                    CASE NO.

**UPMC PINNACLE HEALTH**
3 Walnut Street #100
Lemoyne, PA 17043

    Defendant

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Daniela Rickell, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(d), *et seq.,* The Family Medical Leave Act of 1993 and Negligent Supervision pursuant to The Second Restatement of Torts § 317 have been violated and avers as follows:

### I.   PARTIES

1. Plaintiff, Daniela Rickell, hereinafter ("Plaintiff" or "Rickell"), is an adult individual residing at 49 Edgewood Drive, Mechanicsburg, PA 17055.

2. Defendant, UPMC Pinnacle Health, hereinafter ("UPMC") owns and operations a location at 3 Walnut Street #100, Lemoyne, PA 17043, where Plaintiff is employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.     JURISDICTION

4. The Complaint alleges illegal sexual harassment and sex discrimination on the basis of Plaintiff's gender and sexual orientation in addition to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(d) *et seq*. ("Title VII"), The Family Medical Leave Act of 1993 ("FMLA") and Negligent Supervision pursuant to the Second Restatement of Torts § 317.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. This Honorable Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

7. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

8. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## III.     FACTS

9. In or around May 2015, Defendant UPMC hired Plaintiff as a Certified Clinical Medical Assistant.

10. Plaintiff was part of the float team that serviced various locations.

11. While working at the Internal Medicine location in Harrisburg, Plaintiff suffered pervasive and severe sexual harassment from her co-worker, Jack H. Moody, MD ("Moody").

12. Moody would make inappropriate sexual comments to Plaintiff including:

    a. Telling Plaintiff he wanted to take her to Hawaii and have intercourse with her all day;

    b. Asking Plaintiff to put a piano in his rectum;

    c. Telling Plaintiff he liked "dark chocolate";

    d. Asking Plaintiff if she wanted "cream" in her coffee.

13. Moody would also inappropriately touch Plaintiff including touching her face and breasts.

14. Plaintiff informed Moody numerous times that his advances were unwelcome and made her uncomfortable.

15. Despite informing Moody of his unwelcome behavior, he continued to make sexual comments to and inappropriately touch Plaintiff.

16. On or about February 28, 2020 Plaintiff texted manager Lauren Fagelman to request a phone call around 4:30pm to discuss Moody's sexual harassment.

17. That day Plaintiff reported Moody's sexual harassment to Ms. Fagelman on a phone call.

18. On or about March 11, 2020, Plaintiff reported the sexual harassment to Allison Beck in Human Resources.

19. Ms. Beck did not follow up and no investigation was conducted.

20. Plaintiff was informed by Ms. Fagelman via text that this is not the first sexual harassment complaint Defendant had received regarding Moody. *See* **Exhibit B**

21. Despite previous complaints regarding Moody's behavior, no action was taken to protect employees.

22. After Plaintiff made her Complaint, Defendant continued to place her at Moody's location.

23. Plaintiff informed Ms. Fagelman it made her extremely uncomfortable to be around Moody.

24. Ms. Fagelman told Plaintiff she had to work with Moody, use her Paid Time Off, or take no pay.

25. Defendant continued to schedule Plaintiff to work with Moody despite her repeatedly informing them she was uncomfortable with Moody.

26. Defendant retaliated against Plaintiff after she made her complaint of sexual harassment against Moody including but not limited to:

    a. Threatening to write her up;

    b. Accusing Plaintiff of not wearing a mask at work;

    c. Excluding her from office meetings;

    d. Receiving a sub-par performance evaluation which affects her bonus and promotion potential.

27. Plaintiff was out on FMLA from on or about November 7, 2020 to December 28, 2020.

28. While on FMLA Defendant continued to harass her.

29. Defendant messaged Plaintiff regarding her flu shot even though she was on leave and had 14 days to get her flu shot upon her return.

30. Due to Defendant's actions, Plaintiff suffered severe emotional distress resulting in the need to treat with a therapist.

### IV.  CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 U.S.C. § 2000e, *et seq.*)
### HARASSMENT

31. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

32. Plaintiff had to endure pervasive and regular harassment from her co-worker including but not limited to:

    a. Unwanted physical touching of her face and breasts;

    b. Telling Plaintiff he wanted to take her to Hawaii and have intercourse with her all day;

    c. Asking Plaintiff to put a piano in his rectum;

    d. Telling Plaintiff he liked "dark chocolate";

    e. Asking Plaintiff if she wanted "cream" in her coffee.

33. This harassment detrimentally affected Plaintiff in that, among other things, she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant's actions.

34. The harassment by her co-worker would detrimentally affect a reasonable person for all the reasons stated herein.

35. The harassment of Plaintiff by Defendant's employee was willful and intentional.

36. Despite Plaintiff reporting the harassment to Defendant, no meaningful remedial action was taken with respect to the harassment.

37. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and they have also sustained work loss, loss of opportunity, and a permanent diminution of their earning power and capacity and a claim is made therefore.

38. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 U.S.C. § 2000e, *et seq.*)
### DISPARATE TREATMENT

39. Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

40. Plaintiff was discriminated against and/or treated differently in her employment with Defendant because, as a female, she was subject to disparate treatment.

41. Plaintiff suffered adverse employment action as a result of this discrimination, among other things, she was threatened with discipline and subject to unwarranted scrutiny.

42. These adverse employment actions-imposed burdens upon Plaintiff that would not be imposed upon male employees.

43. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq.* and require the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 U.S.C. § 2000e, *et seq.*)
### RETALIATION

44. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

45. Plaintiff was retaliated against for making complaints about the unlawful gender-based harassment and discrimination she suffered.

46. This retaliation detrimentally affected them in that, among other things they suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to their lives because of Defendant's actions.

47. The retaliation by Defendant would detrimentally affect a reasonable person for all of the reasons stated herein, as the retaliation and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

48. The retaliation by Defendant was willful and intentional.

49. As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and they have also sustained work loss, loss of opportunity, and a permanent diminution of their earning power and capacity and a claim is made therefore.

50. This willful, intentional, and unlawful gender-based retaliation violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT IV
## VIOLATION OF FMLA (U.S.C. § 2601, *et seq.*)
## INTERFERENCE

51. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

52. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

53. As described above, Defendants interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

56. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT V
## NEGLIGENT RETENTION
## RESTATEMENT (SECOND) OF TORTS § 317

57. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

58. Defendant was aware that employees previously reported Moody for sexual harassment.

59. Defendant breached its duty to Plaintiff by retaining Moody despite its knowledge of his prior incidents of sexual harassment.

60. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Daniela Rickell demands judgement in her favor and against Defendant, UPMC Pinnacle Health, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: <u>April 8, 2021</u>   **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  <u>/s/Kayla H. Drum, Esq.</u>
Kayla H. Drum, Esq., PA ID No. 317764
Robert G. Graff, Esq., PA ID No. 206233
600 N. Jackson St., Suite 201
Media, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
kaylad@ericshore.com
robertg@ericshore.com
*Attorneys for Plaintiff Daniela Rickell*